Belknap,
No. 5885.

NELSON B. PIPER *& a.*

*v.*

MEREDITH.

Argued February 5, 1969.
Decided March 20, 1969.

*Wescott, Millham & Dyer* (*Mr. Rodney N. Dyer* orally), for the plaintiffs.

*John H. Ramsey,* for the defendant, filed no brief.

*Nighswander, Lord & Martin* and *David J. KillKelley* (*Mr. KillKelley* orally), for Charles J. Cataldo *& a.,* as amicus curiae.

GRIFFITH, J. This is a petition for an injunction praying that the town of Meredith be temporarily and permanently enjoined from conducting a special town meeting for the purpose of enacting a proposed ordinance. The hearing on the temporary injunction was held on October 8, 1968. Following the hearing and on the same day the Trial Court (*Loughlin,* J.) made the following order: "The Court denies a temporary injunction, but rules that any action taken by the petitionee is violative of the requirements of Chapter 31, Sections 60-66 and is not valid under the general police power. The Court will upon request make findings of fact and rulings of law so the case may be transferred to the New Hampshire Supreme Court."

The defendant excepted to the ruling of the Trial Court that "any action taken by the petitionee is violative of the requirements of Chapter 31, Sections 60-66, and is not valid under the general police power." No findings of fact or rulings of law were made and defendant's exception was reserved and transferred by the Trial Court.

The proposed ordinance recited in the preamble that it was pursuant to the authority conferred by RSA 31:60 and provided that no building should be erected in Meredith exceeding five stories or seventy-five feet in height, nor within fifty feet of any other building and if within one hundred feet of any lake not more than three stories or forty-five feet in height.

The defendant's exception to the ruling of the Trial Court must

be sustained. The Superior Court has no jurisdiction to give advisory opinions. The ruling that if the ordinance were enacted it would be invalid was not within the jurisdiction of the Superior Court nor was it a necessary part of the denial of the temporary injunction. The Supreme Court is limited by the 74th Article of Part II of our Constitution in giving advisory opinions and in giving them the Justices act not as a court but as the constitutional advisors of the body requiring their opinion. *Opinion of the Justices,* 73 N. H. 625, 626. The bodies authorized to thus obtain opinions are limited by Article 74th to the branches of the Legislature and the Governor and Council. It has been denied consistently that there is any right to give such opinions to private litigants. *Petition of Turner,* 97 N. H. 449; *State* v. *Harvey,* 106 N. H. 446, 448.

It is argued that this case comes within the provisions of the declaratory judgment act. RSA 491:22. We do not agree. That act does not confer jurisdiction to give advice as to future cases. *Lisbon District* v. *Lisbon,* 85 N. H. 173, 177. The Court properly denied the injunction as it had no power to interfere with proposed legislative action. *Sherburne* v. *Portsmouth,* 72 N. H. 539. The additional statement of opinion on the proposed action of the town meeting was beyond its jurisdiction. "Binding neither the advisors nor the advised, it would be given to the public presumptively for the guidance of persons whose action, based upon it, would furnish an occasion for contesting, before us, the soundness of our advice." *School Law Manual,* 63 N. H. 574, 576.

A substantial amount of the argument of both parties is devoted to the town meeting which was held the day after the temporary injunction was denied. The refusal of the Trial Court to transfer the questions arising from this meeting was correct.

*Exception sustained; petition dismissed.*

LAMPRON, J., did not sit; the others concurred.