Hillsborough
No. 6140

TOWN OF BEDFORD V. ALBERT W. LYNCH & a.

July 24, 1973

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* (*Mr. Kelly* orally) for the plaintiff, town of Bedford.

*Porter & Hollman* (*Mr. Arthur E. Porter* orally) for the defendants, Albert and Doris Lynch.

GRIFFITH, J. This is a petition for injunction brought by the town of Bedford under the authority of RSA 31:88

claiming that the present defendants and their lessee, the National Advertising Company, were in violation of the Bedford zoning ordinance. The case was heard by *Keller*, C.J., who made specific findings of fact and rulings of law and the following decree:

"Albert and Doris Lynch, and the National Advertising Company, are enjoined and restrained from using, or allowing to be used, the premises owned by Albert and Doris Lynch and situate at the junction of Liberty Hill Road and Route 101 in Bedford for keeping and/or storing materials and/or equipment used by National Advertising Company in its business; this injunction shall become effective sixty days after the decree becomes final."

The trial court reserved and transferred the defendants' exceptions to its findings, rulings and decree. The National Advertising Company defaulted and is not a party to this appeal.

On June 14, 1967, Albert and Doris Lynch purchased a barn on a triangular parcel of land which is located on Route 101 in Bedford. On March 1, 1968, the property was leased to the National Advertising Company for one year and this lease was renewed for another year on March 1, 1969. The premises were used by the National Advertising Company as an active storage depot for carrying on an advertising business. The trial court found that the property had been zoned for many years in a "residential and agricultural zone" and that the use being made of it under the lease was not a permitted use in this zone. The court also noted that the defendants had never sought a variance.

Not only has the National Advertising Company defaulted in the case and failed to join in this appeal but it appears further that they have not occupied the premises for some four years and there is no indication that they now desire to reoccupy it. It is apparent that within the narrow framework of the court's decree the National Advertising Company had been permanently enjoined from hiring the premises for the use they made of it and were the owners to succeed in vacating the injunction against them they still could not rent the premises to the National Advertising Company.

The plaintiff urges us. to dismiss the case as moot since there is no longer any issue left for litigation. In their supplemental brief the defendants do not deny that the issue of their rental to the National Advertising Company has been finally determined, but argue that we should examine the entire case and determine whether any use can be made of the property in view of the present classification of the parcel under the zoning ordinance. "[T]he question of mootness is not subject to rigid rules but 'seems, rather, to be regarded as one of convenience and discretion.'" *Hood & Sons v. Boucher,* 98 N.H. 399, 401, 101 A.2d 466, 468 (1953). "A decision upon the merits may be thought justified where there is a pressing public interest involved . . . or future litigation may be avoided." *State v. Swift,* 101 N.H. 340, 342, 143 A.2d 114, 116 (1958); *Herron v. Northwood,* 111 N.H. 324, 327, 282 A.2d 661, 663 (1971). While the above may be considered a statement of policy rather than a formula for decision, it does not contemplate reaching out to decide matters not before the court. *See Piper v. Meredith,* 109 N.H. 328, 330, 251 A.2d 328, 329 (1969); *School Law Manual,* 63 N.H. 574, 576, 4 A. 878, 879 (1885).

It should be noted that the defendants here have never applied for a variance under RSA 31:69, but seek now to have us determine issues as to possible future uses of their land without first submitting them for an administrative decision. *Cf. Londonderry v. Faucher,* 112 N.H. 454, 455, 299 A.2d 581, 582 (1972). "RSA 31:66, 72 (III) manifest a legislative intent to vest in a local board, whose members live close to the circumstances and conditions, authority to determine the public need and the means of meeting it in cases like the present one." *Vannah v. Bedford,* 111 N.H. 105, 108, 276 A.2d 253, 255 (1971). Neither policy nor reason dictates that we should presume to act on issues not before us under the circumstances here.

*Defendants' exceptions overruled.*

All concurred.