Merrimack Probate Court
No. 6807

LUIGI DOLCINO, M.D. v. ERNEST THALASINOS

May 31, 1974

*Warren B. Rudman,* attorney general, and *John T. Pappas,* attorney (*Mr. Pappas* orally), for the plaintiff.

*George C. Bruno,* director, and *Michael E. Chubrich,* attorney, New Hampshire Legal Assistance *(Mr. Chubrich* orally), for Ernest Thalasinos.

PER CURIAM. This is a petition for involuntary commitment filed by the plaintiff, a staff psychiatrist at the New Hampshire Hospital pursuant to RSA 135-B:27 and 28 (Supp. 1973) alleging that defendant is in such a mental condition as a result of mental illness as to create a poten-

tially serious likelihood of danger to himself or to others. A hearing before the Merrimack County Probate Court on September 10, 1973, resulted in an order by *Cushing, J.*, committing the defendant to the New Hampshire Hospital for a term of not longer than two years. Defendant's exceptions were reserved and transferred by the probate court. RSA 135-B:8 (Supp. 1973).

It appears that on October 19, 1973, defendant was transferred at his request to the Veterans Administration Hospital in Bedford, Massachusetts and on November 30, 1973, was released from that facility. Since that time he has resided in Claremont, New Hampshire, and it does not appear that he has any further interest in this appeal.

Under these circumstances the threshold question of mootness would appear to render unnecessary our consideration of the numerous issues transferred. Counsel urge that even though the case may be considered moot, the issues raised should be answered as a guide to probate courts in future hearings. While it is true that the question of mootness is one of convenience and discretion not subject to hard and fast rules *(Dover v. Wentworth-Douglass Hosp. Trustees*, 114 N.H. 123, 127, 316 A.2d 183, 185 (1974); *Herron v. Northwood*, 111 N.H. 324, 327, 282 A.2d 661, 663 (1971); *Hood & Sons v. Boucher*, 98 N.H. 399, 401, 101 A.2d 466, 468 (1953)), we are of the opinion that the issues raised in this case should be determined in a true controversy which affects the legal relations of the parties to the litigation. *DeFunis v. Odegaard*, 94 S. Ct. 1704 (1974); *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240-41 (1937).

We must assume that defendant excepted to the decree of the probate court and transferred the case to this court for the purpose of securing his release. It cannot be assumed that he sought to be the litigant in a test case brought for the purpose of having this court rule on abstract questions of law. Accordingly, it is our view that the only question to which we should address ourselves has been rendered moot by defendant's release. *List v. State*, 316 A.2d 824, 826 (Md. 1974); *see Gobin v. Hancock*, 96 N.H. 450, 78 A.2d 531 (1951).

*Case dismissed.*