Merrimack
No. 6976

TIMBERLANE REGIONAL EDUCATION ASSOCIATION & a.

v.

STATE OF NEW HAMPSHIRE & a.

February 28, 1975

*McLane, Graf, Greene, Raulerson & Middleton (Mr. Jack B. Middleton* and *Mr. Bruce W. Felmly* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, and *Roger G. Burlingame,* assistant attorney general *(Mr. Burlingame* orally), for the defendants.

PER CURIAM. This is another facet of the contract dispute and strike in the Timberlane Regional School District which this court has previously dealt with in *Timberlane Regional School District v. Timberlane Regional Education Association,* 114 N.H. 245, 317 A.2d 555 (1974); *Timberlane Regional Education Association v. Crompton,* 114 N.H. 315, 319 A.2d 632 (1974); and *Farrelly v. Timberlane Regional School District,* 114 N.H. 560, 324 A.2d 723 (1974).

Plaintiffs seek declaratory and injunctive relief asking invalidation of a regulation adopted by the State board of education on March 14, 1973, relative to revocation of teaching certificates and seeking injunctive relief to prevent the State board of education from revoking the teaching certificates of any of the members of the plaintiff association pursuant to the regulation. The regulation authorized the revocation of the teaching certificate of any teacher "who knowingly or willfully or for any reason denies the spirit and intent of the 'in force' teaching contract and thus causes a disruption of the normal education processes . . . ." The Trial Court *(Johnson,* J.) on April 9, 1974, temporarily enjoined the defendants from revoking any of the teaching certificates of plaintiffs' members or conducting any hearings relative to the revocation of teaching certificates. Defendants' exceptions to the restraining order were reserved and transferred by the trial court.

Subsequent to the docketing of the case in this court and prior to oral argument, the State board of education, at its regular meeting on November 20, 1974, declared unequivocally that it would not commence any decertification proceedings against either the present or former members of the Timberlane Regional Education Association. We were informed by counsel after oral argument that on December 18, 1974, the State board of education rescinded the "Revocation of Teacher Certificates" regulation. We have since

been informed by counsel for the defendants that the regulation was reenacted in slightly different form providing for suspension rather than revocation of a teacher's certificate. In addition at the time of the reenactment the defendant board instructed the commissioner of education to seek statutory changes by the legislature to reflect the policy of the board. On the date of oral argument, in an apparent attempt to avoid the mootness problem in the case then present, counsel for the plaintiffs moved to join the New Hampshire Education Association as a petitioner.

The developments subsequent to oral argument have removed all possibility of the issues presented not being moot. "[T]rue the question of mootness is one of convenience and discretion not subject to hard and fast rules" *(Dolcino v. Thalasinos,* 114 N.H. 353, 354, 321 A.2d 107 (1974)), nevertheless for us to disregard apparent mootness there must be some pressing interest such as the avoidance of future litigation. *Herron v. Northwood,* 111 N.H. 324, 282 A.2d 661 (1971).

The threat of decertification of the original plaintiffs, from which they sought injunctive relief, no longer exists. The regulation which the original plaintiffs, and now the larger group of New Hampshire teachers, seek to have declared invalid has been revoked. The newly enacted regulation involves different terminology from the one originally challenged, and there exists a possibility of this regulation being modified by legislation. In this posture of the case an opinion by this court on a regulation not in existence at the time of our decision would serve no useful purpose. *See Bedford v. Lynch,* 113 N.H. 364, 308 A.2d 522 (1973); *Piper v. Meredith,* 109 N.H. 328, 251 A.2d 328 (1969).

*Petition dismissed.*