Rockingham
No. 7318

MALVENA JACOBSEN CLARK

v.

THEODORE G. CLARK

April 30, 1976

*Casassa, Mulherrin & Ryan,* for the plaintiff, filed no brief.

*Shaw & Robertson (Mr. Robert Shaw* orally) for the defendant.

PER CURIAM. Plaintiff's libel for divorce contained a prayer for a temporary allowance for support of herself and three minor children. At the hearing on the temporary allowance before the assigned marital master, defendant's counsel requested that the master disqualify himself and that a stenographer be provided for the hearing. The master's recommended temporary support order was approved by the trial court, and various motions of the defendant that he be permitted to have a stenographer at a requested rehearing were denied by the Trial Court, *Douglas,* J., who reserved and transferred the following questions:

"1. Was defendant entitled to a record with respect to his reasons for requesting that the Marital Master withdraw from the hearing?

"2. Are the parties entitled to a stenographic record in hearings on temporary orders in domestic relations cases?"

The questions transferred do not appear to relate to an issue now in litigation between the parties. Rather they appear to be asking advice as to future litigation. If this were the case, we would be compelled to refuse to answer the questions as we are not authorized to give advisory opinions to private litigants. *See Piper v. Meredith,* 109 N.H. 328, 251 A.2d 328 (1969). However, in his brief defendant asks this court to "remand the case for rehearing, with a record, so that it will be possible for the Court to determine whether or not there has been an abuse of judicial discretion by the marital master." Without ruling that a brief may be used to supply deficiencies in a reserved case, we accept the request in the brief as a basis for jurisdiction.

Defendant cites no authority for his prayer that we require the superior court to furnish stenographers in temporary hearings, but we assume it is addressed to our general supervisory powers over inferior courts to "correct errors and abuses." RSA 490:4 (Supp. 1975). We do not find that the failure of the superior court to provide stenographers in temporary hearings calls for intervention on our part.

In answering the first question in the negative, we note that the motion requesting disqualification of the master could have been in writing and accompanied by an affidavit setting forth the facts relied upon in support of the motion. This procedure would have obviated the necessity of a stenographic record and provided defendant with the necessary basis to contest the denial of his motion.

Defendant alleges that the lack of a record in temporary support hearings prevents a meaningful appeal to this court. We regard this prospect with equanimity since interlocutory appeals of this type serve no useful purpose to the litigant. The original temporary proposed order of the master in this case was made April 3, 1975. The case was entered in this court September 26, 1975, with the defendant's brief due October 18, 1975, and oral argument scheduled for December of 1975. The defendant's brief was filed January 26, 1976, and argued orally March 3, 1976. It is obvious that the appeal to this court has served no useful purpose to the defendant who long ago could have had a hearing on the merits with a stenographer in the superior court.

The denial by the superior court of a stenographic record in a hearing on a temporary order is justified by the fact that a hearing

on the merits can be held expeditiously and financial information of each party is provided by Superior Court Rule 245 (RSA 491:App. R. 245 (Supp. 1975)).

*Remanded.*