Merrimack
No. 7686

JOHN LITTLEFIELD

v.

NEW HAMPSHIRE INTERSCHOLASTIC ATHLETIC ASSOCIATION

February 28, 1977

*McLane, Graf, Greene, Raulerson & Middleton,* of Manchester, and *Stephen E. Borofsky* (*Mr. Borofsky* orally) for the plaintiff.

*Orr & Reno, Ronald L. Snow* and *Neil F. Castaldo,* of Concord (*Mr. Snow* orally) for the defendant.

*Sullivan, Gregg & Horton,* of Nashua (*Mr. Sherman D. Horton, Jr.* orally) for Crotched Mountain Foundation as amicus curiae.

GRIMES, J. The issue raised by this interlocutory transfer is whether the trial court's issuance of a temporary injunction against enforcement of defendant's age limitation rule prohibiting plaintiff from playing on the Pembroke Academy basketball team was a proper exercise of discretion.

The plaintiff is a senior at Pembroke Academy who became twenty years old on January 15, 1977. The rules of the defendant provide that a "pupil may compete in interscholastic athletics during that school year if his 19th birthday is on or after September 1." Plaintiff therefore was not eligible to compete during this school year under the rules. Just before he was about to enter the first grade of school, plaintiff developed Legg Perthes disease which causes the ball of the hip joint to soften. He therefore was delayed from entering school for three years. He still has a slight limp.

By letter dated November 2, 1976, the principal of the school requested a deviation from the age rule pursuant to art. II, section 6 of the defendant's bylaws. The request was denied by the executive secretary on the basis that traditionally the eligibility committee "has not made exceptions in the area of the age rule." The eligibility committee thereafter denied plaintiff's appeal without a hearing.

The representative council of the defendant association after a hearing also denied plaintiff's appeal. Thereafter plaintiff filed a complaint in the United States District Court seeking injunctive relief which was dismissed for lack of subject matter jurisdiction. Plaintiff then began this action. After a hearing the superior court issued a temporary restraining order and defendant's exceptions were transferred by *Johnson, J.*

Plaintiff does not attack the age limitation rule as such but rather attacks the lack of any criteria for possible deviations from the rule and he also attacks the rules and rulings of the defendant

on various other grounds including equal protection and due process.

We need not consider the myriad and varied claims of the plaintiff nor pass upon the propriety of the temporary injunction for we are now informed that the basketball season at Pembroke Academy ended on February 20, 1977, thus making the various issues moot.

██ Plaintiff has been able to compete for the full season under the temporary order and because he will have graduated before the next basketball season begins, he no longer has an interest in the issues that have been raised in this litigation. There are no important and pressing rights of others which should cause us to reach out and decide the issues and there does not appear to be any substantial likelihood of future litigation to be avoided. It is said that the age eligibility rule is the least challenged of all the rules. If and when there is another deviation request, many of the causes of complaints raised in the present proceedings may have been eliminated. We therefore dismiss the petition as being moot. *Timberlane Regional Educ. Ass'n v. State*, 115 N.H. 77, 333 A.2d 713 (1975); *Dolcino v. Thalasinos*, 114 N.H. 353, 321 A.2d 107 (1974); *Bedford v. Lynch*, 113 N.H. 364, 308 A.2d 522 (1973).

*Petition dismissed.*

All concurred.