Strafford
No. 87-498

IRIS DURELL

v.

CITY OF DOVER

July 28, 1988

*Susan V. Denenberg*, of Portsmouth, by brief and orally, for the plaintiff.

*Fisher, Willoughby, Clancy, Woodman & Durand*, of Dover (*Scott E. Woodman* on the brief and orally), for the defendant.

BROCK, C.J. The City of Dover appeals from a Superior Court (*Groff*, J.) order, which would allow the plaintiff access to personnel information that the city provided to the State Commission for

Human Rights (hereinafter State commission or commission) in the course of the commission's investigation of the plaintiff's employment discrimination complaint. For the reasons that follow, we dismiss the appeal.

Following the termination of her employment by the Dover Police Department, the plaintiff, Iris Durell, filed a complaint with the commission, alleging that her dismissal was the consequence of sex discrimination. The plaintiff also wished to determine the feasibility of a civil action against the city, and, before the commission had concluded its investigation, filed a motion for discovery with the superior court, requesting that the court order the city to produce personnel records of other police department employees, as well as those of the plaintiff. The court initially granted the motion only as to the plaintiff's own personnel file, and then only insofar as neceassary under RSA 275:76, which requires an employer to accommodate employees' requests for inspections and copies.

Acting on the plaintiff's motion for reconsideration, however, and citing its equitable authority to order discovery under RSA 498:1, the court issued an order that, among other things, required the city to provide the plaintiff with copies of any information or documents that were provided to the commission and were responsive to the plaintiff's discovery request. The city moved for reconsideration and a protective order, asking the court to deny the plaintiff access to personnel records, pertaining to employees other than the plaintiff, which the commission's own rule, N.H. ADMIN. RULES, Hum. 206.01(b), would protect from disclosure during the pending proceeding, in the absence of the employees' consent. The court let the previous order stand, although it allowed the city to delete names, and other means of identification, from the documents produced.

On appeal, the city contends that the superior court erred in ordering the city to provide the plaintiff with personnel records that would be unavailable to her in the commission proceeding. We need not reach that issue, however. During oral argument, the parties indicated that the commission recently had found no probable cause as to the alleged discrimination, and that the plaintiff had filed a request for reconsideration. The city expressed its willingness to give the plaintiff the information she had requested in her discovery motion, provided that the commission affirmed its decision and ended the proceeding so that N.H. ADMIN. RULES, Hum. 206.01(b), no longer would apply to preclude disclosure. This court has learned since that the commission has

denied the plaintiff's request for reconsideration. We assume, therefore, that the city will provide her with the requested information, and we deem this appeal moot. *See Littlefield v. N.H. Interscholastic Athletic Ass'n*, 117 N.H. 183, 185, 370 A.2d 645, 646 (1977); *Timberlane Regional Educ. Ass'n v. State*, 115 N.H. 77, 79, 333 A.2d 713, 714 (1975); *cf. Moody v. Cunningham*, 127 N.H. 550, 553, 503 A.2d 819, 821 (1986).

*Appeal dismissed.*

All concurred.