Personnel Appeals Board
No. 91-181

APPEAL OF LINDA TANCREDE & a.

(New Hampshire Personnel Appeals Board)

May 28, 1992

*Michael C. Reynolds*, of Concord, general counsel, State Employees' Association of New Hampshire, Inc., by brief and orally, for the appellants.

*John P. Arnold*, attorney general (*William C. McCallum*, attorney, on the brief and orally), for the State.

BATCHELDER, J. The appellants, Linda Tancrede and others, are members of the clerical staff at the New Hampshire Department of Corrections. The director of personnel did not act upon the appellants' requests for job reclassifications after the legislature enacted a moratorium, which the appellants claim denied them their right to consideration of their requests. Because the appellants' questions are moot or not ripe for review, we dismiss the appeal.

On May 19, 1989, the appellants submitted a request for reclassification of their positions, pursuant to RSA 21-I:54, III, and the then applicable N.H. ADMIN. RULES, Per 303.04, which provide State employees a procedure for the reclassification of their positions. Effective June 5, 1989, however, Laws 1989, 408:105, I, took effect. This statute, enacted by the legislature in anticipation of a restructuring of the State employee classification system, provided that "the director of personnel shall not consider any requests for reclassification or reallocation until July 1, 1990." Laws 1989, 408:105, I. The legislature then enacted another moratorium making it expire on July 1, 1991. Laws 1990, 209:04.

The director of personnel took no action on the appellants' reclassification request prior to June 5, 1989, and on July 24, 1990, she informed the appellants that in light of the moratoria she "will remain unable to review the classification" of the appellants' positions. The appellants appealed the decision to the personnel appeals board (PAB), which dismissed the appeal in February 1991. The PAB cited the moratorium then in effect until July 1, 1991, and quoted its earlier decision in another case, in which the PAB ordered the director of personnel "to consider the classification of the affected positions . . . as soon as she is lawfully and reasonably able . . . ." The appellants sought reconsideration of the PAB's dismissal on the grounds that Tancrede's case was distinguishable from the earlier case. The

PAB disagreed and denied the motion for reconsideration, and this appeal followed.

The appellants ask this court to determine whether the PAB erred in ruling that the director of personnel, in the words of the appellants, "was permanently barred from considering the appellants' request for position reclassification." Contrary to the appellants' contention, the record reveals that neither the PAB nor the director of personnel ever considered themselves "permanently barred" from considering the request. Both the PAB and the director made it clear to the appellants that consideration was barred only as long as the moratoria were in effect.

The appellants argue that the PAB misconstrued or misapplied the moratoria statutes, and rely upon the New Hampshire Constitution, part I, article 23, which bars the application of retrospective laws. The appellants seek an "order that their classified reviews and upgrade requests go forward, retroactive to May 14, [sic] 1989; with appropriate retroactive pay and benefits."

■■ We decline to address the appellants' request. First, the moratoria statutes have expired, and the PAB ordered the director of personnel "to consider the classification of the affected positions . . . as soon as she is lawfully and reasonably able . . . ." Because the only bar to review by the director that is alleged by the parties is the moratoria, their expiration renders the appellants' request to construe them moot. Absent any other bar, the appellants are now entitled to a review of their May 19, 1989 application. *See Durell v. City of Dover*, 130 N.H. 700, 546 A.2d 1072 (1988) (appeal dismissed for mootness where party entitled to records she sought). Second, the agency has not yet ruled on the appellants' request. Thus, we cannot tell whether the appellants will be granted any relief, nor whether the agency will act unlawfully. Therefore, the appellants' remaining claims are not ripe for review. *See City of Portsmouth v. Assoc. of Portsmouth Teachers*, 134 N.H. 642, 650, 597 A.2d 1063, 1068 (1991). Accordingly, the appeal is dismissed.

*Appeal dismissed.*

All concurred.