Rockingham
No. 91-351

THE STATE OF NEW HAMPSHIRE

v.

KENNETH PETERSON

June 30, 1992

*John P. Arnold*, attorney general (*Mark S. Zuckerman*, assistant attorney general, on the brief and *Paul A. Maggiotto*, assistant attorney general, orally), for the State.

*Seufert Professional Association*, of Franklin (*Christopher J. Seufert* on the brief, and *William J. Schultz* orally), for the defendant.

BROCK, C.J.  The defendant, Kenneth Peterson, alleges that he was erroneously denied parole, even though he had served the minimum time of his sentence. Due to procedural infirmities, however, we do not reach the merits of his appeal, and affirm.

In November 1988, the defendant pleaded guilty to aggravated felonious sexual assault and was sentenced (*Gray*, J.) to serve three to six years at the New Hampshire State Prison. The sentence directed the defendant to participate in the sexual offender program at the prison's secure psychiatric unit. The sentence also provided that "upon completion of this program, [the defendant] may petition the Court for a reduction of the minimum and maximum portions of the state prison sentence . . . ."

At present, the defendant has been incarcerated for more than three years, but, for reasons not relevant here, he never participated in the program. Upon learning that he would be ineligible for parole

until he completed the program, he filed a motion to clarify the sentence, contending that completion of the sexual offender program is not a prerequisite to being granted parole. The trial court denied his motion, stating that "[t]he Court intended that the sexual offender program be undertaken and completed." The defendant subsequently appealed to this court, but in the interim, a parole hearing was held. The parole board deferred action on the defendant's application for parole because he had not completed the program.

In his notice of appeal, the defendant presented two questions for our review. The first is whether the warden has the discretionary authority to refuse to allow an inmate, who has served his minimum sentence, to be considered for parole. The second is whether a sentencing court can deny consideration of a prisoner's motion for a reduction of sentence based solely on the fact that the prisoner has not completed the sexual offender program.

■ The first issue raised in the notice of appeal, regarding the extent of the warden's authority to determine whether an inmate is eligible for parole, is no longer an issue in this case. As the defendant freely admits, a parole hearing was held on his behalf. The defendant does not allege that the hearing was untimely, but rather that the warden exceeded his authority when he improperly interpreted the defendant's sentence. Even if the warden misconstrued the defendant's sentence, a question we do not address, the defendant was granted a parole hearing as required by the adult parole board rules. N.H. ADMIN. RULES, Par 202.01 (1986). Therefore, we deem this issue moot and decline to address it on the merits. See Durell v. City of Dover, 130 N.H. 700, 701, 546 A.2d 1072, 1073 (1988).

The second issue raised in the notice of appeal is "[w]hether a sentencing court can deny consideration of a prisoner's motion for a reduction of sentence based solely on the fact that the prisoner has not been accepted into nor completed [the sexual offender program]." The issue presented in the defendant's brief, however, is whether the sentencing judge can mandate that a defendant complete the sexual offender program before being eligible for parole. Whether a sentencing court has the power to set conditions for its future consideration of a defendant's motion to reduce sentence is a separate issue from whether it may permissibly impose conditions precedent to the defendant's eligibility for parole.

■ New Hampshire Supreme Court Rule 16 requires that the question presented in the brief "shall be the same as the question previously set forth in the appeal document." SUP. CT. R. 16(3)(b).

The defendant has neither moved for nor received leave of this court to argue a question of law not listed in his notice of appeal. *See id.* Although Rule 16 further provides that the question in the appeal document "will be deemed to include every subsidiary question fairly comprised therein," the issues presented and argued in the brief are distinct from those arising under the question in the notice of appeal. "These issues could not have been anticipated from a reading of the questions stated in the notice of appeal, and if they could now be raised without leave of the court, the court would lose control over the appellate process." *In re "K"*, 132 N.H. 4, 17, 561 A.2d 1063, 1071 (1989). Consequently, because the issue of whether the sentencing court may impose parole eligibility criteria is raised for the first time in the defendant's brief, we will not consider it on the merits.

*Affirmed.*

All concurred.