JOAN L. AND ALFRED H. THOMPSON, JR.

v.

THE H.W.G. GROUP, INC., & a.

July 6, 1995

*Mark E. Connelly,* of Concord, by brief and orally, for the plaintiffs.

*Haughey, Philpot & Laurent, P.A.,* of Laconia (*Paul C. Bordeau* on the brief and orally), for defendants The H.W.G. Group, Inc., and Myron A. Wagner, Jr.

*L. John Davidson, pro se,* filed no brief.

*Jeffrey R. Howard,* attorney general (*Walter L. Maroney,* senior assistant attorney general, on the brief), for the State, as *amicus curiae.*

THAYER, J. The plaintiffs, Joan L. and Alfred H. Thompson, Jr., brought an action against the defendants alleging, *inter alia,* that the defendants had violated RSA 356-B:65, I (1984), a provision of the New Hampshire Condominium Act; and RSA 358-A:2 (1984 & Supp. 1994), the consumer protection statute. The jury returned a verdict in favor of the plaintiffs on the violation of RSA 356-B:65, I, but the Superior Court (*Smukler,* J.) found that the defendants had not violated RSA 358-A:2. The plaintiffs appealed, arguing that a violation of RSA 356-B:65, I, is, as a matter of law, a violation of RSA 358-A:2. The defendants filed a cross-appeal, arguing that the trial court erred in denying their motion for a directed verdict and their subsequent motion for judgment notwithstanding the verdict. We affirm the ruling that the defendants did not violate RSA 358-A:2, and reverse the denial of the defendants' motions for directed verdict and judgment notwithstanding the verdict.

■ We first consider the defendants' arguments that the trial court erred in refusing to grant their motion for a directed verdict and post-trial motion for judgment notwithstanding the verdict. "Motions for directed verdict and judgment notwithstanding the verdict are essentially the same, though made at different stages of the trial, and they are governed by identical standards." *Broderick v. Watts,* 136 N.H. 153, 158, 614 A.2d 600, 604 (1992). Therefore, we will consider together whether the trial court erred in denying these motions.

■ Such motions should be granted "only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand." *Id*. at 159, 614 A.2d at 604.

The defendants argue that the record contains no evidence that would support a finding that they violated RSA 356-B:65, I. That statute provides:

> Any declarant who disposes of any interest in a condominium unit in violation of this chapter, or who in disposing of any such interest makes an untrue statement of a material fact, or who in disposing of any such interest omits a material fact required to be stated in a registration statement or public offering statement or necessary to make the statements made not misleading, is liable to the purchaser of such interest, as set forth in paragraph II, unless in the case of an untruth or omission it is proved that . . . the purchaser did not rely on the untruth or omission.

700

Viewed in the light most favorable to the plaintiffs, the evidence would support findings that the condominium registration application filed with the attorney general's office by the defendants did not accurately reflect the financing arrangements for the purchase of the condominium project, that the defendants promised to make certain repairs to the plaintiffs' condominium unit within a reasonable time after the closing, and that the repairs were not fully completed. The plaintiffs allege that these actions constitute a violation of the statute. We do not agree.

We first consider whether the misstatements or omissions contained in the defendants' application could constitute a violation of the statute. An omission or misstatement by a declarant will not constitute a violation of the statute if the purchaser did not rely on the misstatement or omission. RSA 356-B:65, I. In this case, the testimony clearly demonstrates that the plaintiffs did not rely on the information contained in the financial statement. The plaintiffs' attorney testified that he "did not personally review the application filed by [the defendants]." Plaintiff Alfred Thompson also testified that the only information he had regarding the defendants' proposed financing was that they intended to borrow the money. Based on these statements it is apparent that the plaintiffs had no knowledge of the content of the statements made by the defendants in their application. It therefore would have been impossible for the plaintiffs to have relied on these statements. A person has not relied on a statement if it is demonstrated that the untruth or omission played no part in his or her decision-making process. *Cf. Hydraform Prods. Corp. v. American Steel & Alum. Corp,* 127 N.H. 187, 200, 498 A.2d 339, 347 (1985) (elements of misrepresentation include reliance on the misrepresentation); *Savings Bank v. Albee,* 63 N.H. 152, 161 (1884) (lack of knowledge of alleged misrepresentation will defeat a claim of fraud). In this case, the plaintiffs did not know of the alleged misrepresentation; therefore, they could not have based their decision on that information.

The second alleged misrepresentation pertains to promises made by the defendants regarding repairs that would be completed following the closing. The plaintiffs allege that the defendants knew when they made the promises that they would be unable to complete the required repairs. In essence, the plaintiffs argue that the defendants intentionally misrepresented their plans to complete repairs on the condominium.

The statute provides that "an untrue statement of a material *fact*" may entitle a purchaser to relief. RSA 356-B:65, I (emphasis added). "While a promise is not a statement of fact and hence cannot,

as such, give rise to an action for misrepresentation, a promise can imply a statement of material fact about the promisor's intention and capacity to honor the promise." *Hydraform Prods. Corp.,* 127 N.H. at 200, 498 A.2d at 347. A promise, therefore, will only give rise to a claim of misrepresentation if, at the time it was made, the defendant had no intention to fulfill the promise. *Id.* at 201, 498 A.2d at 347. Even when the evidence is viewed in the light most favorable to the plaintiffs, however, the sole reasonable inference that may be drawn is so overwhelmingly in favor of the defendants that the verdict for the plaintiffs cannot stand. *See Broderick v. Watts,* 136 N.H. at 159, 614 A.2d at 604. The failure to fulfill these promises to the plaintiffs' satisfaction may support a contract claim, but it does not constitute a violation of RSA 356-B:65, I.

■ The plaintiffs also argue that the defendants disposed of interests in unregistered condominiums in violation of RSA 356-B:50 (1984), and that as a result the plaintiffs were entitled to relief under RSA 356-B:65, I. As noted above, RSA 356-B:65, I, provides that "[a]ny declarant who disposes of any interest in a condominium unit in violation of this chapter . . . is liable to the *purchaser* of such interest." (Emphasis added.) The plaintiffs admit that they did not purchase the unregistered units, but argue that the disposition of the units was related to the plan of financing and, therefore, the unregistered transfer was part of their sale. The plaintiffs misapprehend the law. The statute clearly limits a defendant's liability to actual purchasers of interests in the unregistered units. The plaintiffs were not purchasers. The plaintiffs, therefore, are not entitled to relief.

As neither the misrepresentations alleged by the plaintiffs, nor their claim regarding unregistered condominium units, would support a finding that the defendants violated RSA 356-B:65, I, the trial court erred in refusing to grant the defendants' motions for directed verdict and for judgment notwithstanding the verdict.

Based on our holding on the defendants' cross-appeal, we need not address the plaintiffs' argument that a violation of that statute also constitutes a violation of RSA 358-A:2. The plaintiffs argue in their brief that the defendants' actions violate RSA 358-A:2 regardless of whether they violated RSA 356-B:65, I. That issue, however, was not raised in their notice of appeal and therefore will not be considered. *State v. Peterson,* 135 N.H. 713, 714-15, 609 A.2d 749, 750–51 (1992). The trial court's ruling that the defendants did not violate RSA 358-A:2 is affirmed.

*Affirmed in part; reversed in part.*

All concurred.