Original
No. 97-547

## PETITION OF THOMAS DEAN

June 16, 1998

*Wiberg & Wiberg*, of Dover (*Sven D. Wiberg* on the brief and orally), for the petitioner.

*Philip T. McLaughlin*, attorney general (*Mark D. Attorri* senior assistant attorney general, on the brief and orally), for the State.

THAYER, J. The petitioner, Thomas Dean, petitions for a writ of prohibition and a writ of mandamus. *See* SUP. CT. R. 11. He

challenges an order of the Superior Court (*Perkins*, J.) that denied him a hearing on his motion for a new trial, based on ineffective assistance of counsel, unless he first executed a limited, written waiver of his attorney-client privilege. He further requests that we grant him a new trial on several grounds. We deny his petition for both writs in part and vacate the order of the superior court in part.

In April 1996, a jury convicted the petitioner of numerous crimes, including criminal restraint, criminal threatening, reckless conduct, and kidnapping. In April 1997, the petitioner moved for a new trial claiming, *inter alia*, ineffective assistance of counsel. In response, the State asked the superior court to compel a waiver of the attorney-client privilege so that it could interview petitioner's trial counsel in order to reply to the motion. Trial counsel informed the superior court of his reluctance to reveal privileged information absent a written waiver from the petitioner. The superior court ordered the petitioner to execute a written, limited waiver of his privilege. The court predicated hearing the petitioner's claims upon receipt of the written waiver. The petitioner refused to execute such a waiver and filed the instant petition in this court. We turn, first, to the attorney-client privilege.

■ The attorney-client privilege is not absolute. *See McGranahan v. Dahar*, 119 N.H. 758, 764, 408 A.2d 121, 125 (1979); *Law Off. of Bernard D. Morley v. MacFarlane*, 647 P.2d 1215, 1220 (Colo. 1982). Furthermore, "a client may waive protection of the privilege, either expressly or impliedly." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975). This court has recognized the concept of implied waiver. *See Aranson v. Schroeder*, 140 N.H. 359, 369-70, 671 A.2d 1023, 1030 (1995). Implied waiver occurs when the asserting party has put the otherwise privileged communications "at issue" in the present dispute. *See generally Hunt v. Blackburn*, 128 U.S. 464, 470-71 (1888); *Mountain States Tel. & Tel. v. DiFede*, 780 P.2d 533, 543-44 (Colo. 1989) (outlining the traditional formula used to find implied waiver). In *Aranson*, we limited "the extent of an at-issue waiver of the attorney-client privilege to circumstances in which the privilege-holder injects the privileged material itself into the case." *Aranson*, 140 N.H. at 370, 671 A.2d at 1030 (quotation omitted).

■ We hold that claims of ineffective assistance of counsel, whether brought in a motion for new trial or in a habeas corpus proceeding, constitute a waiver of the attorney-client privilege to the extent relevant to the ineffectiveness claim; the waiver is a

limited one. *State v. Walen*, 563 N.W.2d 742, 753 (Minn. 1997). In so holding, we join those jurisdictions recognizing a similar concept. *See, e.g., Tasby*, 504 F.2d at 336; *State v. Thomas*, 599 A.2d 1171, 1177-78 (Md. 1992) (citing a compendium of supporting authority also recognizing concept), *rev'd on other grounds*, 616 A.2d 365 (Md. 1992), *cert. denied*, 508 U.S. 917 (1993); *Walen*, 563 N.W.2d at 752 (citing numerous supporting cases).

Claims of ineffective assistance of counsel go to the core of attorney-client communications. Such claims challenge the lawyer's representation of the client. *See* N.H. R. PROF. CONDUCT 1.6(b)(2). Both the Rules of Professional Conduct and the Rules of Evidence contemplate removing the protective veil of privilege when a client challenges the lawyer's representation. *See id.*; N.H. R. EV. 502(d)(3). Fairness dictates a limited waiver; efficiency dictates it occur automatically. *See Walen*, 563 N.W.2d at 753.

Because of our holding today, we vacate the superior court's order to the extent it requires the petitioner to execute a written waiver of his attorney-client privilege. Such an order is unnecessary. The filing of a motion for ineffective assistance, as a matter of law, acts as a limited waiver of the attorney-client privilege. Trial counsel does not need an express written waiver once the former client has challenged the effectiveness of counsel's representation. In addition, we note that the superior court has authority to issue orders compelling witness testimony under appropriate circumstances. *See* SUPER. CT. R. 44.

■■ Finally, we need not address the merits of the petitioner's substantive new trial arguments in the instant petition. Neither a petition for a writ of prohibition nor a petition for a writ of mandamus is the proper vehicle for lodging such challenges. *Cf. State v. Superior Ct.*, 116 N.H. 1, 2, 350 A.2d 626, 627 (1976) (describing function of writ of prohibition); *Bois v. Manchester*, 104 N.H. 5, 8, 177 A.2d 612, 614 (1962) (describing function of writ of mandamus and adding that mandamus does not lie where any other adequate relief exists). Moreover, the superior court has not yet ruled on the motion. Thus, any ruling by us would be premature. *See Appeal of Tancrede*, 135 N.H. 602, 604, 608 A.2d 1308, 1309 (1992).

Accordingly, we deny the petition in all respects except to the extent it requests that the petitioner not be required to execute a written waiver of the attorney-client privilege. We vacate the order of the superior court mandating that the petitioner execute such a

892

written waiver. Further proceedings in the superior court shall be conducted in accordance with this opinion.

*Superior court order vacated in part;*
*petition denied in all other respects.*

All concurred.