Milford District Court
No. 2001-109

STEVE ROOD & a.

v.

CHARLES E. MOORE

Argued: June 12, 2002
Opinion Issued: September 25, 2002

*Ladd Law Offices*, of Milford (*William M. Ladd* on the brief and orally), for the plaintiffs.

*Keefe & Keefe P.A.*, of Wilton (*William Keefe* on the brief and orally), for the defendant.

NADEAU, J. The plaintiffs, Steve and Allie Rood, appeal the Milford District Court's (*Drescher*, J.) dismissal of their RSA chapter 540-A action against the defendant, Charles E. Moore. We affirm.

The trial court found the following relevant facts. The plaintiffs leased a single-family residence from the defendant. An unauthorized entry of the leased residence occurred on one occasion when the defendant let carpet installers in to measure the premises. The trial court found that such unauthorized entry violated the plaintiffs' right to quiet enjoyment of the property but did not constitute a violation of RSA 540-A:2 (1997) because it was not willful. The court found that "[t]he nature of the conversations and relationship between the parties at that time was such that the court finds that Moore could have and did, innocently misunderstand the extent of his right to enter the premises."

At oral argument, the plaintiffs asserted that the above finding was against the weight of the evidence. We need not address this argument, however, because it was neither raised in the plaintiffs' notice of appeal, *see Thompson v. The H.W.G. Group*, 139 N.H. 698, 701 (1995), nor briefed, *see MacMillan v. Scheffy*, 147 N.H. 362, 363 (2001).

The plaintiffs contend that the court erred in failing to distinguish between the term "willfully" as used in RSA 540-A:2, which proscribes "willfully" committing the prohibited practice at issue, and the term "willful" as used in RSA 358-A:10 (1995), which provides for enhanced damages for a "willful or knowing violation" of RSA chapter 358-A. RSA 540-A:4, IX (1997)

provides, in part, that "[a]ny landlord or tenant who violates RSA 540-A:2 or any provision of RSA 540-A:3 shall be subject to the civil remedies set forth in RSA 358-A:10." We assume, without deciding, that RSA 540-A:4, IX, read in conjunction with RSA 358-A:10, authorizes enhanced damages for a "willful or knowing violation" of RSA 540-A:2. *Cf. Brosseau v. Green Acres Mobile Homes*, 135 N.H. 643, 650 (1992).

The plaintiffs assert that the term "willfully" in RSA 540-A:2 should be interpreted as "voluntarily and intentionally," and the term "willful" in RSA 358-A:10 as "with a bad purpose or motive or with actual knowledge of violation of the law." With respect to the first determination of willful, the plaintiffs' argument requires that the term apply only to the act of entering the leased premises, and not to the additional element of lack of consent. In other words, the plaintiffs would have us construe the prohibited practice at issue to be that the landlord voluntarily and intentionally entered the premises, without, in fact, having consent to do so, regardless of the landlord's knowledge or state of mind on the issue of consent. We reject this interpretation.

■ We have noted that "[w]illful is a word of many meanings depending upon the context in which it is used." *Appeal of Morgan*, 144 N.H. 44, 52 (1999) (quotation omitted). We have, however, usually interpreted the term to exclude an act committed under a mistaken belief of the operative facts. *See, e.g., id.; Hynes v. Whitehouse*, 120 N.H. 417, 420 (1980); *R.J. Berke & Co. v. J.P. Griffin, Inc.*, 116 N.H. 760, 764-65 (1976). Thus, for instance, in *Ives v. Manchester Subaru, Inc.*, 126 N.H. 796, 801 (1985) (citation omitted), we stated, "A willful act is a voluntary act committed with an intent to cause its results. It is not, by contrast, an accident or an act committed on the basis of a mistake of fact." We held in that case that a statute mandating the payment of specified damages by an employer who willfully failed to pay wages "was not intended to impose liability where the employer's refusal to pay wages is based upon bona fide belief that he is not obligated to pay them." *Id.* (quotation omitted). We similarly hold here that RSA 540-A:2 was not intended to impose liability upon a landlord who enters a tenant's premises under an honestly mistaken understanding of the tenant's consent to such entry.

We therefore affirm the trial court's conclusion that no violation of RSA 540-A:2 occurred. Given this holding, we need not address the plaintiffs' arguments concerning the awarding of attorney's fees for a violation of RSA 540-A:2.

*Affirmed.*

BROCK, C.J., and DUGGAN, J., concurred.