**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2014-0815, <u>New Hampshire Department of Environmental Services v. Robert C. Brown</u>, the court on July 27, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.

In this interlocutory appeal from an order of the Superior Court (<u>O'Neill</u>, J.), the respondent, Robert C. Brown, challenges the court's ruling granting a motion by the New Hampshire Department of Environmental Services (DES) for discovery of attorney-client material. We affirm and remand.

The following facts are derived from the trial court's order or the record. DES asserts that on or around January 31, 2014, both parties and their respective counsel entered into a settlement agreement that was designed to resolve a dispute that had originated when DES filed suit against the respondent on September 11, 2009. After January 31, 2014, however, the respondent obtained new counsel and subsequently challenged the validity of the settlement agreement on numerous grounds, including the respondent's mental capacity to enter into the settlement agreement.

DES moved for discovery of attorney-client material from the respondent's former counsel relevant to the respondent's capacity to enter into the agreement. DES argued that the respondent waived the attorney-client privilege by making a claim of incapacity, because materials normally protected by the attorney-client privilege were needed in order for DES to adequately defend against the claim.

The trial court granted DES's motion, ruling that the respondent's claim of incapacity constituted an "at-issue" waiver of the attorney-client privilege because the respondent had "injected privileged material into the present matter" that was "required in order for the enforceability of the settlement agreement to be resolved." The trial court limited the scope of its order to material relating to the respondent's capacity to enter into the settlement agreement, including the respondent's former attorneys' "personal observations and impressions of the respondent at this time and the time leading up to and following the settlement agreement, as well as documents and other materials that shed light on the respondent's capacity." This interlocutory appeal followed.

We note that "[d]ecisions concerning pretrial discovery are within the sound discretion of the trial judge," and we will uphold the trial judge's decision unless it is an unsustainable exercise of discretion.  See N.H. Ball Bearings v. Jackson, 158 N.H. 421, 429 (2009).

In addition to New Hampshire Rule of Evidence 502, which generally governs the parameters of the attorney-client privilege, see N.H. R. Ev. 502, we have recognized a narrow "at issue" waiver of the attorney-client privilege. Bennett v. ITT Hartford Group, 150 N.H. 753, 761 (2004).  As we noted in Bennett:

> An "at-issue" waiver of the attorney-client privilege is limited to circumstances in which the privilege-holder injects the privileged material itself into the case, such that the information is actually required for resolution of the issue.  We have applied this narrow exception to the attorney-client privilege in the case of ineffective assistance of counsel, because such claims went to the "core of attorney-client communications."

Id. (citations omitted).

The respondent argues that the "at issue" waiver should not apply in this case because the trial court's ruling is inconsistent with our narrow application of the "at issue" waiver.  We disagree.  We have held that claims of ineffective assistance of counsel constitute an "at issue" waiver because they necessarily inject privileged material into the case.  See Petition of Dean, 142 N.H. 889, 890-91 (1998).  We agree with the trial court that the respondent's claim of incapacity is implicitly based upon the proposition that his former attorneys allowed him to enter into an agreement at a time when he was incapacitated. Therefore, the at-issue waiver doctrine is applicable in this case.

The respondent further argues that the material sought is not necessary to the resolution of the case because an analysis of the respondent's capacity can be conducted only by a psychiatrist or a medical doctor.  Alternatively, the respondent contends that there were other non-medical persons who observed the respondent's behavior on January 31, 2014, which the trial court could consider.  We find neither of these arguments to be persuasive.

First, expert medical testimony is not a prerequisite in determining a party's mental capacity.  The mental capacity of the respondent is a matter of evidence to be determined by the trial court.  See generally State v. Plante, 134 N.H. 456, 461 (1991) ("[A]ny test which measures the capacity of the defendant is a matter of evidence, which falls within the province of the [trier of fact] to be considered like any other factual issue.").  Accordingly, "[i]t is within the province of the trial court to accept or reject, in whole or in part, whatever

evidence was presented, including that of the expert witnesses."  Town of Newbury v. Landrigan, 165 N.H. 236, 240 (quotation omitted).

Second, while there may have been others who observed the respondent, the trial court found that the record would be so incomplete as to make an informed determination unattainable without the requested material.  It was reasonable for the trial court to assume that the respondent's former counsel had information required for the resolution of this issue, because they presumably advised the respondent on whether or not to enter the settlement agreement and because they witnessed his behavior leading up to and following the agreement.

Having affirmed the trial court's ruling that the respondent's claim of incapacity constituted an "at-issue" waiver of the attorney-client privilege, we need not address the State's alternative arguments that the respondent waived the attorney-client privilege by providing his own experts with privileged information or by failing to provide a privilege log.

Affirmed and remanded.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.


**Eileen Fox,
Clerk**

3