# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0713, <u>Allison Hovey v. Portsmouth Housing Authority</u>, the court on April 1, 2021, issued the following order:**

Having considered the opening and reply briefs filed by the plaintiff, Allison Hovey (tenant), the brief filed by the Portsmouth Housing Authority (landlord), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The tenant appeals an order of the Circuit Court (<u>Pendleton</u>, J.) dismissing the petition she brought under RSA 540-A:4 against the landlord, alleging that, by willfully failing to take reasonable measures to remediate a bed bug infestation, the landlord violated RSA 540-A:3, V-a and RSA 540-A:2. <u>See</u> RSA 540-A:2 (2007), :3, V-a, :4 (Supp. 2020). We affirm.

The following facts were either found by the trial court or reflect the content of documents in the record. After having survived a bed bug infestation in 2018, the tenant and her family again began to experience bed bug bites in May 2019. They did not discover any bed bugs until July 1, when the tenant's son found several under his box spring. Two days later, on July 3, the landlord's bed bug expert inspected the tenant's apartment and found one bed bug nymph. On July 8, the landlord placed bed bug traps in the apartment. When the bed bug expert checked the traps on July 10, she found no bed bugs. Also on July 10, the plaintiff informed the landlord that her son had found two bed bugs in his bed. The next day, July 11, the bed bug expert returned to the tenant's apartment, however, there is no record of what she saw or found.

On July 16, the tenant brought the instant petition, <u>see</u> RSA 540-A:4, and the trial court entered temporary orders that required the landlord to investigate the tenant's report of a bed bug infestation and immediately remediate that infestation. An inspection report from July 16 states that no bed bugs were found that day. On July 18, the landlord used a bed bug-sniffing dog to inspect the apartment; two bed bugs were found. The landlord also brought in an outside inspector. The tenant found two more bed bugs on July 19. That day, the landlord completed a steam treatment of the tenant's apartment. On July 23, the landlord completed a heat treatment of the apartment. The landlord did not treat the bed bug issue in the tenant's apartment by using chemicals because its bed bug expert is not certified to use such treatments. Despite the heat and steam treatments, the tenant indicated that on July 31, she found another bed bug.

The tenant asserted that she found additional bed bugs in August. In response, the landlord had the apartment inspected by a pest control company on August 5, by the landlord's bed bug expert on August 15, and by a bed bug-sniffing dog on August 23; each time, no bed bugs were found. The tenant testified that she found bed bugs again in October. The landlord inspected the apartment again on October 4, but indicated that no bed bugs were found. In all, the landlord inspected the tenant's apartment on 12 occasions, but found only a few bed bugs.

The trial court held an evidentiary hearing on the tenant's petition on October 15. Following the hearing, the trial court dismissed the tenant's petition on the ground that she failed to carry her burden of establishing either that the landlord willfully "fail[ed] to investigate [her] report of a [bed bug] infestation" or "take reasonable measures to remediate an infestation." RSA 540-A:3, V-a. The court found that the landlord responded "within 3 days of any report of bed bugs," and that it responded reasonably to the tenant's complaints. The court stated that "[w]hile it suspect[ed] that the parties would have benefit[ted] from the [landlord] paying for a chemical treatment as requested by [the tenant], the Court cannot say based upon the evidence that the [landlord's] efforts violated [RSA chapter] 540-A."

The tenant filed a motion for reconsideration, arguing, in effect, that the evidence did not support the trial court's decision and that the court committed a legal error by not specifically addressing her claim that the landlord violated her right to quiet enjoyment. The trial court denied the tenant's motion, and this appeal followed.

In reviewing a trial court's decision rendered after a trial on the merits, we uphold its factual findings and rulings unless they lack evidentiary support or are legally erroneous. O'Malley v. Little, 170 N.H. 272, 275 (2017). We do not decide whether we would have ruled differently than the trial court, but rather, whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. Id. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in the evidence and determining the weight to be given evidence. Id. Nevertheless, we review the trial court's application of the law to the facts de novo.

On appeal, the tenant first argues that the trial court erred when it found that the landlord did not willfully "fail to take reasonable remedial measures to remediate" the bed bug problem. RSA 540-A:3, V-a. She contends that it was unreasonable for the landlord "not to contact a pest control company to apply insecticides." For the purposes of addressing the tenant's argument, we assume without deciding that the tenant's apartment had an "infestation" of bed bugs within the meaning of the statute. With that assumption, we conclude that evidence supports the trial court's findings.

As the landlord correctly asserts, "The evidence establishes that [the landlord] set bed bug traps, employed outside contractors to conduct canine inspections twice, had a licensed exterminator inspect the premises, and employed separate steam and heat treatments to the apartment." Based upon our review of the record, we conclude that the evidence supports the trial court's determination that the tenant did not prove that the landlord willfully failed to take reasonable measures to remediate the bed bug problem in her apartment.

The tenant next contends that the trial court erred when it failed to find that the landlord willfully violated her right to quiet enjoyment as protected by 540-A:2. For the purposes of addressing this argument, we assume without deciding that the tenant could seek relief under both RSA 540-A:2 and RSA 540-A:3, V-a.

RSA 540-A:2 provides, in pertinent part: "No landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy . . . ." The term "willfully," as used in RSA 540-A:2 refers to "a voluntary act committed with an intent to cause its results." Rood v. Moore, 148 N.H. 378, 379 (2002) (quotation omitted).

Here, the evidence supports the trial court's implied finding that the landlord did not act "willfully" within the meaning of RSA 540-A:2. See Nordic Inn Condo Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004) (explaining that we assume that the trial court made all findings necessary to support its decision). Based upon the evidence before it, the trial court reasonably could have found that the landlord's intent was to remediate, not exacerbate, the bed bug issue in the tenant's apartment. There was ample evidence that the landlord promptly investigated and took numerous affirmative steps to rid the apartment of bed bugs.

The tenant argues that the landlord's actions and omissions were "willful" because, she asserts, the landlord believed that she caused the bed bug problem in her apartment. Even if true, this does not establish that the landlord acted "willfully" within the meaning of RSA 540-A:2.

The tenant appears to argue on appeal that, in addition to violating the statutory right of quiet enjoyment, the landlord violated the common law doctrine of quiet enjoyment. See DiMinico v. Centennial Estates Coop., 173 N.H. 150, 159 (2020) (explaining that "[a] tenant's right to quiet enjoyment is protected both by the common law and by statute"). We decline to address this argument because the record on appeal fails to demonstrate that the tenant raised it in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).

The tenant's petition was brought pursuant to RSA chapter 540-A and alleged violations of that statutory scheme. Moreover, in her motion for reconsideration, the tenant specifically referred to "the quiet enjoyment issue (RSA § 540-A:2)" and asserted that she was entitled to "civil remedies described

in RSA § 358-A:2(a)" if the trial court "finds a violation of RSA § 540-A:2." Under these circumstances, we conclude that the tenant has not provided a record demonstrating that she preserved her argument under the common law doctrine of quiet enjoyment for our review. Accordingly, we decline to address it.

For all of the above reasons, therefore, we uphold the trial court's dismissal of the tenant's petition.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4