Jon-Don v. Malone, et al.          CV-02-429-M   04/10/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Jon-Don Products, Inc.,
      Plaintiff

      v.                                    Civil No. 02-429-M
                                            Opinion No. 2003 DNH 064
John C. Malone, Douglas Malone,
William Priestly, and Truck-
Mounts Etc., Inc.,
      Defendants
_____

John C. Malone,
      Counterclaim Plaintiff

      v.

Jon-Don Products, Inc.,
      Counterclaim Defendant


                          **O R D E R**


      This case arises from: (1) John C. Malone's sale of his

business to Jon-Don Products, Inc. ("Jon-Don"), which employed

Malone after the sale; (2) Jon-Don's subsequent termination of

Malone's employment; and (3) Malone's alleged violation of

various non-compete agreements he made with Jon-Don.  Jon-Don

initially sued Malone, Douglas Malone, William Priestly, and

Truck-Mounts Etc., Inc. ("Truck-Mounts"), in six counts,

asserting (1) breach of contract; (2) violation of New

Hampshire's Trade Secrets Act; (3) tortious interference with prospective economic advantage; (4) conversion; (5) unjust enrichment; and (6) for an accounting. Jon-Don has since withdrawn its claims against Douglas Malone, William Priestly, and Truck-Mounts, leaving Malone as the sole defendant.

In his answer to Jon-Don's complaint, Malone asserted a counterclaim for breach of contract and requested attorneys' fees and costs. In another complaint filed in this court (Civ. No. 02-457-JD), which has since been consolidated with Jon-Don's suit, Malone asserted: (1) wrongful termination (Count I); (2) breach of the covenant of good faith and fair dealing (Count II); (3) a request for enhanced compensatory damages (Count III); (4) violation of N.H. REV. STAT. ANN. ("RSA") § 358-A, New Hampshire's Consumer Protection Act ("CPA") (Count IV); and (5) violation of the public policy against anti-competitive practices (Count V).

Before the court are: (1) Malone's motion to dismiss Jon-Don's entire complaint for failure to state a claim (document no. 20), to which Jon-Don objects; and (2) Jon-Don's motion to

2

dismiss the Consumer Protection Act claim asserted in Count IV of Malone's counterclaim (document no. 27), to which no objection has been filed. For reasons given below, Malone's motion to dismiss is denied, and Jon-Don's motion to dismiss is granted.

## Standard of Review

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded allegations and give plaintiffs the benefit of all reasonable inferences." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999) (citing Gross v. Summa Four, Inc., 93 F.3d 987, 991 (1st Cir. 1996)). However, "while a court deciding a motion to dismiss under Rule 12(b)(6) . . . must take all well-pleaded facts as true . . . it need not credit a complaint's 'bald assertions' or legal conclusions." Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996) (quoting Wash. Bar

3

Found. v. Mass. Bar Found., (993 F.2d 962, 971 (1st Cir. 1993)). Finally, "[d]ismissal under FED. R. CIV. P. 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Cooperman, 171 F.3d at 46 (citing Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989)).

## Discussion

I.  Malone's Motion to Dismiss

Malone moves to dismiss Jon-Don's entire complaint for failure to state a claim on which relief can be granted. Relying upon four affidavits, including his own, and invoking DM Research, Inc. v. College of American Pathologists, 170 F.3d 53 (1st Cir. 1999), Malone argues that Jon-Don has asserted nothing more than naked conclusory allegations and that the court should not allow Jon-Don to engage in a "fishing expedition."

Putting aside the affidavits filed in support of the Rule 12(b)(6) motion (which should entail nothing more than an examination of the pleadings and attached or referenced documents), Jon-Don has met the liberal pleading requirements of

4

the Federal Rules of Civil Procedure.  See Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 474 (1st Cir. 2002) ("notice pleading does not require recitation of detailed evidence in support of the claim").  Jon-Don has adequately put Malone on notice that he must defend against claims that he (1) violated various agreements with Jon-Don by disclosing and using Jon-Don's confidential information and competing against Jon-Don in the New England market; and (2) interfered with Jon-Don's commercial relationships with its distributor, White Magic, as well as with various customers.  The complaint in this case is more substantial than the complaint in DM Research, which merely asserted, in conclusory fashion, an implausible conspiracy that made little or no logical sense.  See 170 F.3d at 56.  Because Jon-Don has met the relevant pleading standard, Malone's motion to dismiss is denied.

II.  Jon-Don's Motion to Dismiss

In Count IV of his counterclaim, Malone asserts that Jon-Don engaged in "an unfair method of competition and/or deceptive act [or] practice in the conduct of commerce within this state" by

5

terminat[ing] Malone's employment in violation of the public policy of the State of New Hampshire while he was suffering from a workplace injury, and had executed a Non-competition Agreement and a Non-solicitation Agreement, in order to maliciously prevent him from seeking gainful employment or engaging in gainful enterprise.

Jon-Don moves to dismiss Malone's Consumer Protection Act counterclaim on grounds that the wrongful act Malone alleges in that claim is simply not cognizable under the CPA. The court agrees.

Under the provisions of New Hampshire's Consumer Protection Act,

[i]t shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.

RSA 358-A:2. The statute goes on to list fifteen specific unlawful acts, while also noting that the list is not exclusive. Id.; see also Brzica v. Trs. of Dartmouth Coll., 147 N.H. 443, 451 (2002) (quoting Gautschi v. Auto Body Discount Ctr., 139 N.H. 457, 459-60 (1995)).

6

However, "the phrase 'including but not limited to' [in RSA 358-A] . . . limits the applicability of the Consumer Protection Act to those <u>types</u> of acts [listed in RSA 358-A:2, I-XIV]." <u>Roberts v. General Motors Corp.</u>, 138 N.H. 532, 538 (1994) (brackets and quotation omitted). "Trade or commerce" is defined under the Act as including "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated." RSA 358-A:1, II.

<u>Brzica</u>, 147 N.H. at 451 (parallel citations omitted).

The CPA's non-exclusive list of prohibited acts includes things such as "[p]assing off goods or services as those of another," RSA 358-A:2, I, "[u]sing deceptive representations or designations of geographic origin in connection with goods or services," RSA 358-A:2, IV, and "[a]dvertising goods or services with intent not to sell them as advertised," RSA 358-A:2, IX. Based upon that list, it would certainly appear that the wrongful act alleged by Malone, terminating him while he was suffering from a workplace injury and subject to a non-compete agreement, falls well outside the scope of the CPA.

"The New Hampshire Supreme Court has never decided whether the CPA applies to employer-employee relations." <u>Bartholomew v.</u>

7

Delahaye Group, Inc., No. 95-20-B, 1995 WL 907897 (D.N.H. Nov. 8, 1995).  In a CPA case, the New Hampshire Supreme Court typically "look[s] to the Massachusetts courts for guidance," since New Hampshire's statute is based on Massachusetts' own CPA.  Milford Lumber Co. v. RCB Realty, Inc., 147 N.H. 15, 17 (2001); see also Barrows v. Boles, 141 N.H. 382, 390 (1996); Roberts, 138 N.H. at 538-9; Chase v. Dorais, 122 N.H. 600, 602 (1982).  The Supreme Judicial Court of Massachusetts has determined that the CPA does not "cover employment contract disputes between employers and the employees who work in the employer's organization [or] disputes between members of that organization arising out of the employment relationship."  Manning v. Zuckerman, 444 N.E.2d 1262, 1265 (Mass. 1983).  Because the wrongful conduct alleged by Malone in his CPA claim amounts to little more than a breach of Jon-Don's duties to him under an employment contract, Malone fails to state a claim cognizable under the Consumer Protection Act.  Accordingly, Jon-Don's motion to dismiss Count IV of Malone's counterclaim is granted.

## Conclusion

For reasons given above, Malone's motion to dismiss (document no. 20) is denied and Jon-Don's motion to dismiss Count IV of Malone's counterclaim (document no. 27) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 10, 2003

cc:  Catherine M. Costanzo, Esq.
     Kevin R. Krantz, Esq.
     Michael A. Pignatelli, Esq.
     Paul W. Hodes, Esq.