Estate of T. Sullivan v. Pepsi-Cola   CV-03-361-JD   01/15/04
P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Estate of Thomas Noah
Sullivan <u>et al.</u>

   v.                                    Civil No. 03-361-JD
                                         Opinion No. 2004 DNH 014
Pepsi-Cola Metropolitan
Bottling Co., Inc. <u>et al.</u>

O R D E R

Thomas Noah Sullivan died from injuries sustained after ingesting a pushpin while using it to puncture a can of Pepsi in an attempt to drink the contents in a manner allegedly demonstrated in advertisements for the beverage.  His parents subsequently brought an action in Merrimack County Superior Court against Pepsi-Cola Metropolitan Bottling Co., Pepsi Bottling Group, Inc., and PepsiCo, Inc. (the "original defendants"), sounding in negligence, strict products liability, and violation of the New Hampshire consumer protection statute.

The court dismissed that suit, however, as time-barred because none of the defendants had been served with the writ, nor was it filed, before the three-year anniversary of Thomas's death.  <u>See</u> N.H. Rev. Stat. Ann. § 508:4, I.  The same plaintiffs later brought this action against the original

defendants as well as PepsiAmericas, PepsiCola Advertising & Marketing, Inc., and Demoulas Supermarkets, Inc. (the "new defendants") seeking recovery for Thomas's death through claims of express and implied warranty, which have a longer statute of limitations period.[1] See id. § 382-A:2-725. The original defendants have moved to dismiss this suit on res judicata grounds, arguing that the warranty claims are barred because the plaintiffs failed to assert them in the first action (document no. 15). The plaintiffs object (document no. 17).

Background

The plaintiffs allege that when Thomas ingested the pushpin on July 24, 1999, he was attempting to emulate a popular Pepsi commercial which depicted young people consuming the cola by puncturing its can, holding the can to the mouth, and allowing the contents of the can to spray forcefully into the mouth, a technique known as "shotgunning." Tragically, in Thomas's case, the pin he used to puncture the can was instantly propelled by its pressurized contents into his throat, lodging in his vocal cords and triggering a seizure.

---

[1]The plaintiffs later moved for voluntary dismissal of their claims against PepsiAmerica, which was granted.

2

Despite the efforts of family members and friends to give emergency medical care, Thomas became comatose after being transported to the hospital by paramedics. Following cranial surgery to alleviate the swelling on his brain, Thomas's condition continued to deteriorate until he stopped showing signs of neurological function. On July 26, 1999, he was removed from life support and died.

Thomas's mother and his father, who was also acting as the putative administrator of his son's estate, attempted through counsel to bring a wrongful death and loss of consortium action against the original defendants in July, 2002. The writ, which asserted claims of negligence, strict products liability, and violations of New Hampshire Revised Statutes Annotated ("RSA") 358-A, was dated July 25, 2002. It was not served on any of the original defendants until July 29, 2002, however, three days after the statute of limitations on the claims had expired. The original defendants moved to dismiss the action on that basis. On October 28, 2002, the Superior Court granted the motion to dismiss over the plaintiffs' objection.

The plaintiffs subsequently filed a motion asking for reconsideration of the order on the ground that their writ "sufficiently set out causes of action" for breach of express

3

and implied warranties, which have a four-year statute of limitations.  Alternatively, the plaintiffs sought leave to amend their writ to include such claims.  The Superior Court denied the motion in its entirety in a November 14, 2002, order.

The plaintiffs, still acting through counsel, then filed a notice of appeal.  Their appeal, however, was limited to the Superior Court's October 28, 2002, dismissal of the action, excluding the subsequent ruling on the motion for reconsideration or to amend.  The New Hampshire Supreme Court summarily affirmed the dismissal of the plaintiffs' writ.

Meanwhile, the plaintiffs commenced the instant action by filing a writ in Merrimack County Superior Court which asserts three theories of recovery against the original and the new defendants:  breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.  The action was then duly removed to this court on the basis of diversity of citizenship.

## Discussion

New Hampshire law determines the preclusive effect this court must give to judgments issued by the courts of that

4

state.  <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984); <u>Patterson v. Patterson</u>, 306 F.3d 1156, 1158 (1st Cir. 2002).  In New Hampshire, res judicata "'bars the relitigation of any issue that was, or <u>might have been</u>, raised in respect to the subject matter of the prior litigation.'" <u>Grossman v. Murray</u>, 141 N.H. 265, 269 (1996) (<u>quoting</u> <u>Dennis v. R.I. Hosp. Trust Nat'l Bank</u>, 744 F.2d 893, 899 (1st Cir. 1984)).

The New Hampshire Supreme Court has recognized that the doctrine of res judicata seeks to preserve judicial resources and promote certainty and finality by barring repetitive litigation.  <u>See</u> <u>E. Marine Constr. Corp. v. First S. Leasing, Ltd.</u>, 129 N.H. 270, 273 (1987).  A prior lawsuit will have res judicata effect over a subsequent one when (1) the parties or their privies in both actions are the same, (2) the cases present the same cause of action, and (3) the first action concluded with the issuance of a final judgment on the merits. <u>Brzica v. Trs. of Dartmouth Coll.</u>, 147 N.H. 443, 454 (2002).

The plaintiffs maintain that res judicata cannot apply because the second and third elements of this test are absent. Specifically, they argue that their present warranty claims do not involve the same cause of action as the negligence, strict liability, and consumer protection theories asserted in the

5

first case.[2]  They also contend that the Superior Court's dismissal of the first suit on statute of limitations grounds did not adjudicate that action on the merits.  The court will address these arguments in turn.

I.    Whether the Prior and Current Lawsuits
      Involve the Same Cause of Action

"In determining whether two actions are the same cause of action for the purpose of applying res judicata, [the court] consider[s] whether the alleged causes of action arise out of the same transaction or occurrence."  In re Univ. Sys. of N.H. Bd. of Trs., 147 N.H. 626, 629 (2002); see also W. Gate Vill. Ass'n v. Dubois, 145 N.H. 293, 296 (2000); ERG, Inc. v. Barnes, 137 N.H. 186, 191 (1993).  To determine whether the same transaction or occurrence underlies multiple actions, the New Hampshire Supreme Court generally evaluates the allegations underlying each claim.  See Brzica, 147 N.H. at 455-56; Warren v. Town of E. Kingston, 145 N.H. 249, 252-53 (2000); E. Marine, 129 N.H. at 275-76.

---

[2]In a related vein, the plaintiffs argue that the original defendants should be estopped from arguing that the claims asserted against them in the prior lawsuit encompass the same cause of action as those asserted in this case because they opposed the plaintiffs' motion for reconsideration on the ground that the writ did not include any warranty claims.  The court discerns no inconsistency between these two contentions.

Both lawsuits allege that the Pepsi advertisements in question depicted the consumption of the product through "shotgunning" and that Thomas died from attempting to emulate this depiction. In their first writ, the plaintiffs asserted that promoting Pepsi in that manner, either in and of itself or without warning consumers about the injuries which might result, amounted to negligence, made the Pepsi can unreasonably dangerous, and violated RSA 358-A. In their second writ, the plaintiffs asserted that the advertisement either constituted an express warranty that Pepsi could be consumed in that manner or showed the defendants' knowledge that the cans would be used that way, giving rise to an implied warranty.

The plaintiffs therefore advance virtually the same allegations in support of their warranty claims here as they did in support of the claims in their first action against the original defendants. The lawsuits seek recovery on the same basis, i.e., Thomas died because Pepsi's advertisements promoted an unsafe use of the product. Indeed, the only difference between the two actions lies in the legal theory on which the plaintiffs elected to proceed. As the New Hampshire Supreme Court held in E. Marine, however, for purposes of res judicata analysis, "the term 'cause of action' means the right to recover, regardless of the theory of recovery." 129 N.H.

7

at 274; <u>see also</u> <u>Radkay v. Confalone</u>, 133 N.H. 294, 298 (1990) ("Generally, once a party has exercised the right to recover based upon a particular factual transaction, that party is barred from seeking further recovery, even though . . . the theory of relief may be different.")  Thus, the plaintiffs cannot rely on the distinction between their earlier attempt to recover in negligence and strict liability, and their present effort to recover in breach of warranty, to avoid the res judicata bar.

The plaintiffs invoke the First Circuit's recent observation that "the term 'factual transaction' is not always easy to define with precision" from New Hampshire's res judicata case law.  <u>Patterson</u>, 306 F.3d at 1159.  They do not cite to any case, however, in which the New Hampshire Supreme Court declined to apply res judicata when the prior and subsequent actions relied on facts as similar as those alleged in the two lawsuits brought against the original defendants. The present warranty action and the plaintiffs' previous claims do not arise out of different undertakings on the part of the defendants.  <u>Cf.</u> <u>Goffin v. Tofte</u>, 146 N.H. 415, 417 (2001) (counterclaim against contractor for incomplete construction no bar to later suit for personal injuries arising from his negligent management of site).  Nor do the claims in the instant case depend on facts which did not arise

8

until after the disposition of the first lawsuit. <u>Cf.</u> <u>In re Alfred P.</u>, 126 N.H. 628, 630 (1985) (prior action for involuntary hospitalization no bar to action seeking same relief on facts which occurred after denial of first petition). Finally, the plaintiffs pursue the same purpose here as they did in their first action, monetary damages occasioned by Thomas's death. <u>Cf.</u> <u>Patterson</u>, 306 F.3d at 1361-62 (grandparents' earlier probate action for guardianship no bar to minor's subsequent suit for damages against father).

Accordingly, the court concludes that the plaintiffs' prior action against the original defendants arose out of the same factual transaction as the instant case and that the lawsuits therefore involve the same cause of action for res judicata purposes. <u>See</u> <u>Robinson v. Volkswagenwerk AG</u>, 56 F.3d 1268, 1275 (10th Cir. 1995) (holding that prior products liability suit barred later action for negligence and breach of warranty).

II. <u>Whether the Superior Court's Dismissal of the Prior Suit Was an Adjudication on the Merits</u>

New Hampshire "consider[s] a dismissal based on a statute of limitations as a judgment on the merits for purposes of applying res judicata." <u>Opinion of the Justices</u>, 131 N.H. 573, 580 (1989). The plaintiffs attempt to distinguish that

9

decision on the ground that the case considered only paternity actions, "recognizing . . . those actions are different from a tort or contract claim."

In Opinion of the Justices, the New Hampshire Supreme Court held that proposed legislation authorizing paternity claims previously dismissed on statute of limitations grounds violated the state constitutional provision on retrospective laws. Id. at 582. The court based its holding on its determination that the law would have deprived alleged fathers of their vested right to assert res judicata against claims which had already been decided, i.e., dismissed on statute of limitations grounds. See id. at 580-81. Although the court observed that paternity actions differ from tort or contract claims, the sole dimension of this difference noted by the court was that tort or contract claims accrue at a fixed point in time, while paternity claims remain ripe until the child reaches the age of majority. See id. at 581. Despite this difference, however, the court held that the res judicata effect of the dismissal of a paternity action as time-barred extended to all subsequent paternity claims, even those seeking support solely for the period following the disposition of the prior action. See id. at 581-82.

Opinion of the Justices, then, simply recognized (and rejected) an argument for refusing to give res judicata effect

10

to a dismissal on limitations grounds which was <u>applicable</u> to paternity actions but <u>inapplicable</u> to tort or contract actions, rather than the other way round, as the plaintiffs would have it.  Moreover, in stating that the dismissal of a suit as time-barred constituted a judgment on the merits, the court in <u>Opinion of the Justices</u> cited approvingly to three different authorities, each of which accords res judicata effect to dispositions based on statutes of limitations.  <u>See</u> <u>Weeks v. Harriman</u>, 65 N.H. 91 (1889) ("that the judgment was rendered upon the plea of the statute of limitations does not make it any the less conclusive in character"); <u>Restatement</u> <u>(Second) of Judgments</u> § 19, cmt. f, reporter's note (1980) (same); Fed. R. Civ. P. 41(b) (any dismissal "operates as an adjudication upon the merits," subject to certain exceptions not relevant here).  Accordingly, the dismissal of an action as time-barred constitutes an adjudication on the merits under the New Hampshire doctrine of res judicata.[3]

---

[3]Relying on <u>Moore's Federal Practice</u>, the plaintiffs suggest that New Hampshire's determination in <u>Keeton v.</u> <u>Hustler Magazine, Inc.</u>, 131 N.H. 6 (1988), that statutes of limitation are procedural rather than substantive for purposes of choice-of-law analysis means that a decision rendered on statutes of limitations grounds cannot be an adjudication on the merits for purposes of res judicata analysis.  As <u>Moore's</u> makes clear, however, a "federal court is required to give [a] limitations-based dismissal the same claim preclusive effect as would the rendering state."  18 James Wm. Moore <u>et al.</u>,

11

The plaintiffs also argue that the dismissal of their prior lawsuit cannot operate as a bar to the claims they assert here because the Superior Court determined that their writ in the first action did not set forth any claims for breach of warranty.  This argument is without merit.  In E. Marine, the New Hampshire Supreme Court adopted the rule that "a subsequent suit based on the same cause of action is barred 'even though the plaintiff is prepared in the second action . . . to present evidence or grounds or theories of the case not presented in the first action . . . .'"  129 N.H. at 275 (quoting Restatement (Second) of Judgments § 25 (1980)).  Because this suit involves the same cause of action as the plaintiffs' prior case against the original defendants, their failure to assert the breach of warranty claims then prevents them from bringing them now.  See Brzica, 147 N.H. at 452-456.[4]  The court

_____

Moore's Federal Practice § 131.30[3][g][ii] (3d ed. 2003). Because New Hampshire plainly gives preclusive effect to a dismissal on limitations grounds, see Opinion of the Justices, its treatment of statutes of limitation as procedural in another context is immaterial.

[4]Like the plaintiffs here, the plaintiffs in Brzica attempted to amend their complaint in the first action to add new theories of recovery, but their motion was denied.  147 N.H. at 453.  The court nevertheless determined that res judicata barred them from asserting those theories in a subsequent action.  See also ERG, 137 N.H. at 190 (same;

12

concludes that the Superior Court's dismissal of the plaintiffs' first action on statute of limitations grounds constitutes an adjudication on the merits for purposes of res judicata analysis.

Accordingly, the court determines that the Superior Court's dismissal of the plaintiffs' prior lawsuit against the original defendants bars the assertion of the claims asserted against them in this action. The plaintiffs are correct that this results in the denial of their claims against the original defendants without any determination of whether they are responsible for Thomas's death. The court is sensitive to the fact that this outcome may seem unfair to the plaintiffs, particularly given the tragic circumstances alleged in this case. This decision, however, is dictated by the application of long-established rules designed to make the judicial process fair to all participants. The plaintiffs lost their opportunity to have their negligence, products liability, and consumer protection claims heard when those claims were not brought within the statute of limitations. Similarly, they lost their opportunity to have their warranty claims against the original defendants heard when the claims were omitted

---

noting that plaintiff's "remedy from the trial court's denial of a motion to amend . . . [is] to appeal, not to file a new action").

13

from the plaintiffs' original lawsuit.  As a result of these missteps, the plaintiffs have lost their chance at a day in court against these defendants.


## Conclusion

For the foregoing reasons, the motion to dismiss filed by defendants Pepsi-Cola Metropolitan Bottling Co., Pepsi Bottling Group, Inc., and PepsiCo, Inc. (document no. 15) is GRANTED.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

January 15, 2004

cc:   John A. Curran, Esquire
      Andrew D. Dunn, Esquire
      Glenn R. Milner, Esquire